UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARLON JOSE CRUZ MENDOZA,

      Plaintiff,

    v.

Case No. 2:26-cv-1665-KCD-KRH

ACTING SECRETARY
MARKWAYNE MULLIN, TODD
BLANCHE, ACTING DIRECTOR-
ICE TODD LYONS, DIRECTOR
FIELD OFFICE DIRECTOR
MIAMI FIELD OFFICE,  GLADES
COUNTY DETENTION CENTER,

      Defendants.

_____/

## ORDER

Petitioner Marlon Jose Cruz Mendoza is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 3).[1] He seeks an order preventing the Government from removing him from this judicial district while his habeas petition is pending. He also seeks the Court to order Respondents to afford him a bond hearing within three days. (*Id.* at 12.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

## A. Transfer

Mendoza's underlying habeas petition raises substantive arguments that are not easily dismissed. But having a good argument is not alone enough for a TRO—you must also seek a remedy that the Court can give. *See, e.g.*, *Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Mendoza now requests.

"[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*,

No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Mendoza's transfer to somewhere besides the Middle District of Florida is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

### B. Bond Hearing

Mendoza's request for a bond hearing also fails. He asks this Court to disturb the status quo—his current detention—and grant him essentially the full measure of relief he seeks in the habeas petition, all before the Government has even had an opportunity to be heard. The Court declines the invitation.

Mendoza alleges that Respondents violated his due process rights by holding him without a bond hearing. (Doc. 1 at 7-8.) But in the context of a TRO—where the Court has heard only one side of the story—we must be cautious. The government has not yet had a chance to respond. It may be that a bond hearing is not required at all in this circumstance. While the Court takes Mendoza's underlying liberty claims seriously, the specific stopgap measure he requests is beside the point. Accordingly, his Motion for Temporary Restraining Order (Doc. 3) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on May 19, 2026.

Kyle C. Dudek
United States District Judge