UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARLON JOSE CRUZ MENDOZA,

Plaintiff,

v.

Case No. 2:26-cv-01665-KCD-KRH

ACTING SECRETARY MARKWAYNE MULLIN, TODD BLANCHE, ACTING DIRECTOR-ICE TODD LYONS, DIRECTOR FIELD OFFICE DIRECTOR MIAMI FIELD OFFICE, GLADES COUNTY DETENTION CENTER,

Defendants,
___________________________________/

# ORDER

Petitioner Marlon Jose Cruz Mendoza is a noncitizen currently detained by immigration authorities. Earlier this year, the Court granted his petition for a writ of habeas corpus in part, ordering the Government to provide him with "the statutory process required under § 1226, which includes a bond hearing." (Doc. 9 at 3.)[1] Mendoza has now filed a motion to enforce that order, claiming "[n]o bond hearing was held." (Doc. 13 at 3.) Thus, he concludes, outright release is "the only remedy left." (*Id.*)

The motion is **DENIED** because a hearing under § 1226 did take place on September 17, 2026. (Doc. 15-1.) The immigration judge withheld bond

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

because he found Mendoza not "a suitable bail risk." (*Id.*) To be sure, the Government took longer to hold the hearing than perhaps was justified. But the Court declines to find that this delay now requires the Government to release a potentially dangerous or flight-prone individual with no legal status.

One last issue. In response to the Court's show cause order asking Mendoza to explain his position given the evidence showing a bond hearing actually occurred, he tries to pivot. He admits the bond hearing took place but claims it was constitutionally deficient on several fronts. (Doc. 19.) These arguments are not properly before the Court. The show cause order was not an invitation for Mendoza to rewrite his motion—all without the Government having an opportunity to respond. If he now wants to challenge the sufficiency of the hearing he actually received, his recourse is exactly what the Court told him in its first order: he must file a new habeas petition. (Doc. 9 at 3.) The show cause order (Doc. 18) is discharged based on counsel's representations, which the Court will accept at face value despite their tension with the actual motion.

**ORDERED** in Fort Myers, Florida on November 6, 2026.

Kyle C. Dudek
United States District Judge